578

## PARKER v. SALVATION ARMY.
### No. 6504.

United States Court of Appeals for the District of Columbia.

Decided March 23, 1936.

Thomas O. King, of Washington, D. C., for appellant.

Roger J. Whiteford and P. H. Marshall, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

Appellant Parker was plaintiff in the lower court and may be referred to hereinafter by that title. The appellee, the Salvation Army, a corporation, was defendant and may be referred to herein under that name.

This appeal is taken from a verdict and judgment for the defendant directed by the trial court upon the ground of a variance between the allegations of the plaintiff's declaration and the proof tendered by his counsel in support thereof in his opening address to the jury.

The action was brought by plaintiff below to recover for services alleged to have been rendered by plaintiff for defendant in respect to the sale of certain real estate owned by defendant at Norfolk, Va.

In the first count of his declaration plaintiff alleged that in October, 1930, the defendant desired to sell its real estate and entered into a written contract with plaintiff wherein defendant agreed to employ plaintiff as its agent to make sale thereof, and to pay plaintiff for selling the property the sum of $10,000; that afterwards, to wit, in January, 1931, defendant and plaintiff entered into a substitute agreement whereby plaintiff released to defendant all of plaintiff's rights under the prior contract, and the parties agreed that defendant should constitute one Thomas T. Cole as its agent in their further negotiations for the sale of the real estate; that plaintiff should simultaneously therewith enter into a contract with Cole whereby the latter should agree to pay to plaintiff the sum of $7,500 as a fee conditioned upon the consummation of a sale of the premises to a purchaser who had already been procured by the joint efforts of plaintiff and Cole; that defendant contracted with plaintiff that in consideration of his release of the first contract defendant would simultaneously enter into a contract with Cole for the purchase by defendant of certain real estate owned by Cole in the District of Columbia and would procure for plaintiff a contract with Cole for the payment by Cole to plaintiff of the sum of $7,500 as plaintiff's share of the commission upon the sale of defendant's property; and that defendant agreed that it would withhold from the purchase price due to Cole for his property when purchased by defendant, the sum of $7,-500 and pay the same to plaintiff in satisfaction of Cole's debt to plaintiff.

Plaintiff alleged that relying upon these agreements he continued to render services to defendant, and that in March, 1931, defendant sold and conveyed its real estate to one Page who was the purchaser obtained by plaintiff and Cole; but that notwithstanding defendant's agreements, it then refused to purchase the real estate owned by Cole in the District of Columbia and refused and has since refused to pay the plaintiff the sum of $7,500 or any part thereof, and that "by reason of the breach of its promises, contracts and agreements by the defendant with the plaintiff, the plaintiff has suffered damage in the full sum of seven thousand, five hundred dollars. Wherefore plaintiff brings this suit and claims of the defendant the full sum of seven thousand, five hundred dollars besides costs."

In the second count of his declaration plaintiff alleged that defendant had employed him as its confidential agent to aid and assist in the sale of the real estate owned by defendant as aforesaid; that plaintiff had accepted such employment and under direction of defendant had performed divers acts and deeds by which defendant received great benefit in procuring the sale of such property; and the plaintiff further alleged that by reason of the services thus rendered by him the defendant sold and conveyed its property to Page who was the purchaser secured by plaintiff; and that the reasonable value of the services rendered as aforesaid was in the full sum of $10,000, for which the plaintiff prays judgment.

The defendant filed pleas to the declaration denying in substance the allegations thereof and denying that it was indebted to plaintiff in any amount. It seems unnecessary to state the details of defendant's pleas inasmuch as the case was not decided upon the facts.

The case came to trial in the court below upon the issues made by the pleadings, whereupon counsel for plaintiff in his opening statement to the jury stated that plaintiff would prove that in 1930 he became the agent of the defendant for the purpose of finding a buyer for its real estate; and that in October, 1930, he entered into a contract that if he found a purchaser able and willing to buy the property and who was satisfactory to defendant he should be paid the sum of $10,000 for his services; and that thereafter plaintiff with the aid of Thomas T. Cole had interested one Page in the purchase of the property; that afterwards defendant proposed to plaintiff that it should deal directly with Cole instead of dealing with plaintiff, because, instead of an outright purchase, the deal had assumed ramifications and was to be a trade of property that Page owned in North Carolina for the property of defendant in Norfolk; that defendant then communicated with plaintiff and told him that defendant decided to give Cole a free hand in the transaction because defendant was very desirous of putting it through, and asked plaintiff if he would agree to let Cole deal with them direct instead of dealing through plaintiff, telling him that the trade had now assumed further proportions, in that after the defendant acquired this North Carolina property it proposed to trade it for property which Cole owned in Washington, D. C., and that the defendant told plaintiff that if he would agree to release defendant from the October contract defendant would guarantee the payment of $7,500 out of the funds which it would then owe to Cole at the end of the trade when they acquired Cole's property in Washington; that Parker agreed to this and signed a release of the October contract at the same time signing a contract with Cole for the payment by Cole to plaintiff of the sum of $7,500; that Parker continued to work for defendant after this occurred in furthering the sale or trade of defendant's property, and that afterwards, to wit, in March, 1931, the parties including plaintiff, a representative of defendant, and Cole, agreed that Cole was not making as much money out of the property as he figured, and they reduced the amount of money which Cole was to pay to plaintiff to the sum of $5,000; and defendant then agreed to that and told Parker that the defendant "still stood behind the $7,500 guaranty." The property was deeded to Page, and Page deeded his North Carolina property to defendant, and the trade was consummated, except that defendant never bought Cole's property located in Washington and therefore never owed Cole any money, and it never paid Parker for these services. Thereupon counsel for the defendant moved the court for a directed verdict upon the opening statement of counsel. Plaintiff's counsel then added the following to his former statement that in the procurement of the release of the October contract, defendant represented to plaintiff that it was very desirous of this trade going through, and that even if they never purchased the Washington property from Cole it would nevertheless guarantee and would pay him the $7,500 because defendant was getting a cheaper trade by this than if it was put through under the old contract; that the plaintiff never looked to Cole for his compensation; that he was employed and worked for defendant, and he looked to defendant for his payment, the argument being made that if they could get Cole to pay it, he would have no objection, but the money was at all times to come from defendant whether defendant collected it from Cole or whether it paid it to him direct. Plaintiff's counsel also stated that he desired to offer proof in support of the second count of the declaration.

Defendant's counsel thereupon moved for a directed verdict upon the ground of a variance between the allegations of the declaration and the statements made by plaintiff's counsel, and the court sustained defendant's motion. To this ruling the plaintiff objected and excepted, and the present appeal is brought to review the court's ruling.

We think the ruling of the lower court was right. The cause of action stated by plaintiff in the first count of his declaration was for damages resulting from the failure of defendant to purchase certain property from Cole and to retain from the purchase price the amount of $7,500, which was to be paid to plaintiff in satisfaction of the debt due from Cole to plaintiff. The claim was one for damages because of an alleged breach of contract by the defendant. Nevertheless, in the statement made by plaintiff's counsel to the jury when setting out the case as he proposed to prove it, a different cause of action was stated. The cause as thus stated was not based upon a breach of the contract whereby defendant was to purchase property from Cole and pay plaintiff from the purchase price of the property the debt which was due from Cole to plaintiff, but was based upon an alleged unconditional agreement by defendant to pay the sum of $7,500 to plaintiff without regard to whether the contract for the purchase of Cole's property was or was not carried out. These causes of action are wholly separate and distinct, and result in a variance between the case as set out in the declaration and the case set out by the statement of plaintiff's counsel to the jury. The variance is not one of form only but of substance and concerns the essential facts of the case.

These considerations are likewise applicable to the case as stated in the second count of the declaration. Moreover, it clearly appears from the first count of the declaration as well as by the statements of plaintiff's counsel, supra, that the rights and obligations of the several parties to the transaction were defined and determined by written contracts. According to the first of these contracts, compensation for the sale of the property was payable to plaintiff, but according to the terms of the second contract, superseding the first, the compensation was payable to Cole and he was to pay the plaintiff a sum to be adjusted by them. The matter therefore was not left to any mere "understanding" between the parties.

In the case of the District of Columbia v. Donaldson, 38 App.D.C. 259, 260, we held, opinion by Mr. Justice Van Orsdel, as follows: "Appellee, Laura V. Donaldson, plaintiff below, secured a judgment against the District of Columbia for damages for personal injuries resulting from a fall. In her declaration she specifically charged that the accident occurred on a sidewalk where defendant had negligently left a 'precipitous descent, or incline, unpaved, ungraded, and unguarded, and dangerous to persons passing' thereon. The evidence disclosed that the accident did not occur on the sidewalk, but on a path leading from the sidewalk across the parking, and temporarily used by the public during a period of snow and ice, to avoid passing over the place described in the declaration. The variance between the allegations and the proof is fatal. The motion of defendant for an instructed verdict in its favor should have been granted. The judgment is reversed with costs, and it is so ordered."

See, also, Hamburg-Bremen Fire Insurance Co. v. Lewis, 4 App.D.C. 66; and Philip Carey Co. v. Thyson, 39 App.D.C. 233.

Affirmed.